Dickson and another, Appellants, vs. Pritchard, Respondent.

*September 4 — September 24, 1901.*

*Deceit: Fraudulent concealment of facts: Evidence: Conjecture.*

1. In an action for deceit whereby plaintiffs were induced to enter into a contract with defendant, a recovery cannot be based upon defendant's failure to disclose facts within his knowledge, which were not referred to in the conversation between the parties before the contract was made and which defendant did not know were of importance to plaintiffs.

2. A recovery of damages having no other basis than mere speculation or conjecture cannot be sustained.

APPEAL from a judgment of the circuit court for Pierce county: E. W. HELMS, Circuit Judge. *Affirmed.*

This action is to recover damages growing out of certain false representations claimed to have been made to induce the plaintiffs to enter into a contract with the defendant to ream and case a well on the defendant's farm. The complaint sets out a written contract, under which the plaintiffs agreed to ream and drill a well on defendant's farm of sufficient size to admit five-inch oil-well casing, to the depth of three hundred and twenty-eight feet, or to the lower edge of the St. Peter sandstone, or deeper, if necessary to secure a supply of water sufficient for all the stock kept on defendant's premises, for the sum of $300. The plaintiffs are alleged to have been induced to enter into this contract upon the representation by defendant that the well was free from all foreign matter or objects that would obstruct the work, which representations are alleged to have been untrue. It is alleged that after the work had been commenced, and after the drilling and reaming had proceeded to the depth of two hundred and forty-eight feet, the plaintiffs encountered some object of an iron or metallic nature, which stopped their progress and rendered it impossible to continue the work, and they were compelled to abandon it

and were put to great expense and labor in removing their tools, etc. Their damages are placed at the sum of $920, for which they demanded judgment.

The answer denies making the representations alleged, denies that the well was obstructed, and alleges that they were compelled to abandon their work because they attempted to drive the well casing without having reamed the well properly. The answer also contains a counterclaim for damages for failure to complete their contract. To this counterclaim a reply was served, putting the matters therein stated in issue. The case was tried, and the jury returned a verdict of no cause of action as to the claims of both parties. From a judgment for the defendant the plaintiffs have taken this appeal.

*Walter C. Owen*, for the appellants.

For the respondent there was a brief by *A. Combacker* and *F. M. White*, and oral argument by *Mr. White*.

BARDEEN, J. A number of errors relating to the rejection and admission of testimony are argued, but none of them is of sufficient importance to require extended notice. The refusal to allow an amendment to the complaint to the effect that defendant had knowledge that an old well existed within a short distance of the new one, and did not disclose such knowledge to the plaintiffs, was not erroneous. There was no evidence that the defendant had any knowledge that the two holes came together, as was claimed by the plaintiffs, or that he was familiar with any fact or circumstance from which such knowledge could be inferred. Without some evidence tending to show knowledge by defendant that such information was of importance to the plaintiffs, no duty to make disclosure is apparent. There was no reference to the old well in the conversation between the parties before the contract was made, and no expression of opinion or representation made in relation

thereto. The court's ruling was proper and must be sustained.

Another question argued with considerable earnestness is that the verdict should be set aside as being contrary to the evidence. We have examined the record with care, and considered the plaintiffs' testimony with reference to the conditions claimed to exist in the well, and the representations alleged to have been made. It may be admitted, for the purpose of this decision, that the representations made by defendant were as set out in the complaint. We then come to the consideration of the evidence as to the falsity of such representations. The allegation is that after the well had been reamed and drilled to the depth of about 248 feet, and the oil-well casing had been inserted, the plaintiffs "encountered and came in contact with some foreign matter, substance, or object in said well of an iron or metallic nature, which arrested and stopped their progress and rendered it impossible for them to continue their work." The representation was that the well was free from any such obstruction. The plaintiffs' evidence details the progress of their operations, and describes how their work was stopped. Their theory was that the new well united with an old well that had been drilled about twenty inches distant, in which some tools had been lost and the hole abandoned, and that the obstruction they met with was the tools which had been lost in the old hole. The evidence is that the tools had been lost at the depth of 240 feet, and that they were twenty-five feet in length. It is suggested that the new well had been drilled past the lost tools, and that, when plaintiffs attempted to sink the casing the shoe at the bottom struck the tools and prevented its sinking. Plaintiffs' case, as to this feature of it, was based entirely upon theory, speculation, and conjecture. It was their misfortune that definite testimony could not be procured. Recoveries cannot be allowed that have no other basis than mere speculation or conjecture. The

jury found against the plaintiffs. A careful review of all the facts convinces us that this conclusion was fully warranted. The testimony in this regard is so speculative and conjectural that we are not able to see how, if a verdict had been rendered for the plaintiffs, it should have had any substantial basis to rest upon. It is unnecessary to run over the great volume of testimony presented in the record. It is sufficient to say that, giving it the most favorable consideration it will bear, it leaves the plaintiffs' right to recover in so much doubt and uncertainty that a verdict for defendant might properly have been directed. This renders it unnecessary to consider other questions discussed in the briefs.

*By the Court.*— The judgment is affirmed.